**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RASHID JABBAROV,<br>　　　　　Petitioner<br><br>　　　　v.<br><br>MICHAEL ROSE, *Field Office Director*<br>*of Enforcement and Removal Operations,*<br>*Philadelphia Field Office, Immigration*<br>*and Customs Enforcement, et al.,*<br>　　　　　Respondents | :<br>:<br>:<br>:<br>:　　No. 2:26-cv-00942<br>:<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW,** this 3rd day of March, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 5;[2] and Petitioner's Traverse, ECF No. 6; and for the reasons set forth in

this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-

---

[1]　　Petitioner Rashid Jabbarov, a citizen of Uzbekistan, entered the United States on December 24, 2022, approximately twenty-five (25) miles east of the Tecate, California port of entry. *See* Pet. ¶¶ 2, 17, ECF No. 1. He was detained by U.S. Customs and Border Protection ("CBP"), interviewed, granted permission to lawfully enter the United States on a temporary basis, and given humanitarian parole under 8 U.S.C. § 1182(d)(5) while he pursued his application for asylum, which is pending. *Id.* ¶¶ 2-4. On February 12, 2026, Immigration and Customs Enforcement ("ICE") arrested Jabbarov while attending his scheduled ICE check-in and detained him. *Id.* ¶ 5. He is being held without bond having been set. *See* Reply 13, ECF No. 6. Jabbarov filed the instant petition on February 12, 2026. He alleges that his detention violates: (I) the Administrative Procedure Act ("APA"); (II) due process; (III) the doctrine in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); and (IV) the Immigration and Nationality Act ("INA"). *See id.* ¶¶ 26-47.

[2]　　On January 22, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Jabbarov is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(a); and (2) his detention does not violate Constitutional due process. *See* ECF No. 5.

07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.      Petitioner Rashid Jabbarov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]      These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions are only two of dozens of cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that it has jurisdiction pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion is not required, and that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections.

[4]      Jabbarov's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA, due process, and the *Accardi* doctrine. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.